Tina Wolfson (CA 174806)
Theodore W. Maya (CA 223242)
Bradley K. King (CA 274399)
**AHDOOT & WOLFSON, PC**
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: (310) 474-9111
Fax: (310) 474-8585
*twolfson@ahdootwolfson.com*
*tmaya@ahdootwolfson.com*
*bking@ahdootwolfson.com*

Benjamin F. Johns, PA Bar No. 201373
Beena M. McDonald, PA Bar No. 83315
  (*pro hac vice* forthcoming*)*
**CHIMICLES SCHWARTZ KRINER
& DONALDSON-SMITH LLP**
One Haverford Centre
361 Lancaster Avenue
Haverford, Pennsylvania 19041
610.642.8500
*bfj@chimicles.com*
*bmm@chimicles.com*

Cornelius P. Dukelow, OK Bar No. 19086
**ABINGTON COLE + ELLERY**
320 South Boston Avenue, Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
*cdukelow@abingtonlaw.com*

*Counsel for Plaintiffs*

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI STASI, *et al.*, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br>v.<br><br>INMEDIATA HEALTH GROUP CORP., *et al.*,<br><br>    Defendants. | Case No. 3:19-cv-02353-JM-LL<br><br>**NOTICE OF MOTION AND CONSENT MOTION FOR STAY PENDING SETTLEMENT OR, IN THE ALTERNATIVE, CONTINUANCE OF PRETRIAL DATES**<br><br>Date:   September 13, 2021<br>Time:   10:00 a.m.<br>Judge:  Hon. Jeffrey T. Miller<br>Ctrm:   5D |

# NOTICE OF MOTION AND CONSENT MOTION

TO ALL PARTIES AND THEIR ATTORNEYS OF RECORD:

PLEASE TAKE NOTICE THAT on September 13, 2021, at 10:00 a.m., or as soon thereafter as the parties may be heard, in the United States District Court, Southern District of California, Edward J. Schwartz Courthouse, located at 221 W. Broadway, San Diego, CA, 92101, Courtroom 5D – 5th Floor, before the Honorable Jeffrey T. Miller, Plaintiffs Vicki Stasi, Shane White, and Crystal Garcia (collectively, "Plaintiffs") will and hereby do, with the consent of Defendant Inmediata Health Group Corp. ("Defendant"), move the Court for a stay of this litigation pending final resolution of the preliminarily approved class settlement in the related action, *Serrano v. Inmediata Corp.*, No. 3:19-cv-01811-JAG (D.P.R.), and a related prospective resolution between the parties in the instant litigation. In the alternative, Plaintiffs move the Court for a 120-day continuance of all discovery and pretrial dates set by the Hon. Magistrate Linda Lopez in the Scheduling Order Regulating Discvovery and Other Pre-Trial Proceedings, most notably the August 20, 2021 deadline for Plaintiffs to file a motion for class certification and the September 20, 2021 fact discovery cut-off. ("Scheduling Order"; Dkt. 36.)

Counsel for Defendant indicated that Defendant consents to this Motion. (Concurrently Filed Declaration of Bradley K. King ("King Decl."), ¶ 2.)

This motion is based upon this Notice of Motion and Motion, the Memorandum of Points and Authorities in support thereof, the Declaration of Bradley K. King, the Proposed Order, all other pleadings and papers on file herewith, the arguments and evidence presented by counsel at hearing, and any other matter the Court may wish to consider. All parties to this action support this Motion.

DATED: August 13, 2021

Respectfully submitted,

/s/ *Bradley K. King*
Tina Wolfson
Theodore W. Maya
Bradley K. King
AHDOOT & WOLFSON, PC
2600 West Olive Avenue, Suite 500
Burbank, California 91505
Tel: 310.474.9111
Fax: 310.474.8585
*twolfson@ahdootwolfson.com*
*tmaya@ahdootwolfson.com*
*bking@ahdootwolfson.com*

Benjamin F. Johns, PA Bar No. 201373
Beena M. McDonald, PA Bar. No. 83315
  (*pro hac vice* forthcoming)
CHIMICLES SCHWARTZ KRINER
  & DONALDSON-SMITH LLP
One Haverford Centre
361 Lancaster Avenue
Haverford, Pennsylvania 19041
610.642.8500
*bfj@chimicles.com*
*bmm@chimicles.com*

Cornelius P. Dukelow
Oklahoma Bar No. 19086
ABINGTON COLE + ELLERY
320 South Boston Avenue
Suite 1130
Tulsa, Oklahoma 74103
918.588.3400 (*telephone & facsimile*)
*cdukelow@abingtonlaw.com*

*Counsel for Plaintiffs*

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Plaintiffs move this Court to exercise its discretion to stay this litigation pending the resolution of a class settlement in the *Serrano* action. The class settlement in *Serrano*, which involves the same nationwide class and the same Defendant, was recently submitted for preliminary approval, which that court granted on July 23, 2021. (*Serrano* Dkt. 37.)[1] Final approval of the *Serrano* settlement will resolve the class claims asserted in the instant action, and it will likely result in resolution of Plaintiffs' claims here as well.

Here, prior to any confirmation of settlement in *Serrano* or fruitful discussion of settlement among the instant parties, the Honorable Magistrate Judge Linda Lopez set a discovery and pretrial schedule in the Scheduling Order. (Dkt. 36.) With certain dates in that schedule now rapidly approaching and resolution of the instant individual and claims claims now highly likely—if not imminent—the parties seek to prevent the needless use of their and the Court's time and resouces to litigate this action, considering the August 20, 2021 deadline for Plaintiffs to file a motion for class certification and the September 20, 2021 fact discovery cut-off. (*Id.*)

Plaintiffs respectfully submit, and Defendant agrees, that a stay of this action pending final resolution of *Serrrano* is warranted here to promote judicial economy and conserve the parties' resources. (*See* King Decl. ¶ 2.)

## II. LEGAL STANDARD

A district court has discretionary power to stay proceedings. *Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1109 (9th Cir. 2005) (citing *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)). To determine whether a stay under *Landis* is proper, "the competing

---

[1] The preliminary approval order came in the form of text-only minute entry: "ORDER granting Plaintiffs [35] Motion for Preliminary Approval of ClassAction Settlement and Conditional Certification of Settlement Classes. The Court hereby appoints ILYM Group as the Settlement Administrator. Signed by Judge Jay A. Garcia-Gregory on 7/23/2021."

interests which will be affected by the granting or refusal to grant a stay must be weighed." *Lockyer*, 398 F.3d at 1110 (citations omitted). The competing interests include:

> [T]he possible damage which may result from the granting of a stay, the hardship or inequity which a party may suffer in being required to go forward, and the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay.

*Id.* (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)).

Courts in the Ninth Circuit have found that a stay is in the interest of judicial economy where a settlement in a separate, related action "will obviate any further litigation of issues" in the instant case and will conserve the resources of the parties and the court. *See, e.g.*, *In re JPMorgan Chase LPI Hazard Litig.*, No. 11-cv-3058, 2013 WL 3829271, at *5 (N.D. Cal. July 23, 2013) (citing *Lockyer*, 398 F.3d at 1112). Absent any opposition or showing of prejudice or damage to the claims or defenses by the other party or parties to the case, a stay pending resolution is appropriate. *Id.*

### III. ARGUMENT

#### A. A Stay Is Appropriate and Will Promote Judicial Economy.

Here, the factual and procedural posture of this case militate against proceeding with the current pretrial schedule. Since Plaintiffs learned of the class settlement reached in *Serrano*, they have worked diligently with Defendant to seek resolution of their own claims. At this juncture, with the *Serrano* settlement already preliminarily approved and on track for final approval in the coming months, Plaintiffs are confident that resolution of the instant action is highly likely after final resolution of *Serrano*.

To proceed with discovery, briefing class certification, engaging experts, and otherwise preparing for trial, would result in Plaintiffs and Defendant unnecessarily expending significant time and expenses. Similarly, this Court's time and resources would be needlessly expended with oversight of pretrial proceedings in this action, when

ultimately a voluntary resolution is likely months away pending the final approval of the *Serrano* settlement.

The considerations set forth by the Ninth Circuit in *Lockyer*, which evaluate the discretion of district courts to stay proceedings under *Landis*, clearly dictate that a stay is appropriate here in the interests of judicial economy. Plaintiffs respectfully submit that the Court should grant the instant stay request, vacate all dates set in the Scheduling Order, and set a status conference in 90 days for the parties to update the Court on the status of the *Serrano* settlement approval and their own resolution efforts.

**B.     Alternatively, a Continuance of the Pretrial Deadlines Is Appropriate.**

In the event the Court is disinclined to vacate the deadlines in the Scheduling Order, Plaintiffs respectfully request that the Court continue all deadlines by 120 days to allow the *Serrano* settlement to reach final approval and for the instant parties to achieve resolution as well. Should the Court prefer this approach, Plaintiffs respectfully submit that the Court should also set a status conference in 90 days for the parties to provide a settlement update and submit a joint request for a further continuance, if warranted.

## IV.     CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request that the Court stay this action and all discovery and pretrial deadlines pending resolution of the *Serrano* class settlement and the related settlement in the instant action. Alternatively, Plaintiffs respectfully request that the Court continue all discovery and pretrial dates approximately 120 days to provide the appropriate time for resolution of this and the *Serrrano* action. In either scenario, Plaintiffs respectfully submit that a status conference in 90 days would enable the parties to keep the Court apprised of the status of resolution. A proposed order granting this relief is submitted herewith.

| | |
|---|---|
| DATED: August 13, 2021 | Respectfully submitted, |
| | /s/ *Bradley K. King* |
| | Tina Wolfson |
| | Theodore W. Maya |
| | Bradley K. King |
| | AHDOOT & WOLFSON, PC |
| | 2600 West Olive Avenue, Suite 500 |
| | Burbank, California 91505 |
| | Tel: 310.474.9111 |
| | Fax: 310.474.8585 |
| | *twolfson@ahdootwolfson.com* |
| | *tmaya@ahdootwolfson.com* |
| | *bking@ahdootwolfson.com* |
| | |
| | Benjamin F. Johns, PA Bar No. 201373 |
| | Beena M. McDonald, PA Bar. No. 83315 |
| |   (*pro hac vice* forthcoming) |
| | CHIMICLES SCHWARTZ KRINER |
| |   & DONALDSON-SMITH LLP |
| | One Haverford Centre |
| | 361 Lancaster Avenue |
| | Haverford, Pennsylvania 19041 |
| | 610.642.8500 |
| | *bfj@chimicles.com* |
| | *bmm@chimicles.com* |
| | |
| | Cornelius P. Dukelow |
| | Oklahoma Bar No. 19086 |
| | ABINGTON COLE + ELLERY |
| | 320 South Boston Avenue |
| | Suite 1130 |
| | Tulsa, Oklahoma 74103 |
| | 918.588.3400 (*telephone & facsimile*) |
| | *cdukelow@abingtonlaw.com* |
| | |
| | *Counsel for Plaintiffs* |