UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VICKI STASI, et al.,<br><br>                          Plaintiffs,<br>v.<br><br>INMEDIATA HEALTH GROUP CORP.,<br><br>                          Defendant. | Case No.: 19cv2353 JM (LL)<br><br>**ORDER TO SHOW CAUSE** |

    Presently before the court is Plaintiffs' Motion to Stay or Continue Pretrial Dates pending the resolution of *Serrano v. Inmediata Corp.*, No. 3:19cv1811-JAG (D.P.R.) ("*Serrano*"), an overlapping class action lawsuit filed in the United States District Court for the District of Puerto Rico.

**I.   BACKGROUND**

    **a.   The Instant Action**

    The present action is a putative class action lawsuit arising from an alleged data breach. According to Plaintiffs' First Amended Complaint (Doc. No. 16), in January 2019, Defendant learned it was experiencing a "large data breach" resulting in the "unauthorized acquisition, access, use, or disclosure of unsecured protected health information and personal information of approximately 1,565,338 individuals[.]" *Id.* at ¶ 2. Plaintiffs allege Defendant failed to take necessary security precautions to

protect Plaintiffs' personal and medical information. *Id.* at ¶ 6. Specifically, Plaintiffs allege the data breach was "[d]ue to a webpage setting that permitted search engines to index webpages Inmediata uses for business operations[.]" *Id.* at ¶ 7. As such, Plaintiffs allege their personal and medical information was searchable "by anyone with access to an internet search engine[.]" *Id.* On December 9, 2019, Plaintiffs filed this putative class action lawsuit. (Doc. No. 1).

Currently before this court are Plaintiffs' claims for negligence, breach of contract, violation of sections 56.101(a) and 56.36(b) of the California Confidentiality of Medical Information Act ("CMIA"), violation of the California Consumer Privacy Act ("CCPA"), violation of the California Consumer Records Act ("CCRA"), violation of the Minnesota Health Records Act ("MHRA"), and invasion of privacy under Article I, Section 1 of the California Constitution. (Doc. No. 24 at 34, 36). Plaintiffs are seeking to certify a nationwide class, or in the alternative, California, Florida, and Minnesota sub-classes. (Doc. No. 16 at ¶¶ 199-200).

### b.   The *Serrano* Action

*Serrano* is a putative class action lawsuit that arises from the same data breach as the instant action. (Case No. 19cv1811, Doc. No. 1). *Serrano* was filed on August 28, 2019, approximately three months before the instant action. *Id.* Plaintiff in *Serrano* is asserting causes of action for breach of express and/or implied contractual promise, breach of the covenant of good faith and fair dealing, and negligence. *Id.* On May 11, 2021, Plaintiff in *Serrano* filed a Motion for Preliminary Approval of Class Action Settlement. (Case No. 19cv1811, Doc. No. 35). The motion was granted on July 23, 2021, in a minute order appointing ILYM Group as the Settlement Administrator. (Case No. 19cv1811, Doc. No. 37). A final approval hearing has not yet been scheduled.

## II.   ANALYSIS

Here, Plaintiffs assert a stay in the instant case is appropriate because *Serrano* involves "the same nationwide class and the same Defendant" and that "[f]inal approval

of the *Serrano* settlement will resolve the class claims asserted in the instant action[.]" (Doc. No. 48 at 4).

In *Serrano*, the following settlement class was proposed and preliminarily approved:

> All persons in the United States whose Personal Information was potentially compromised as a result of the Security Incident discovered by Inmediata Corp. and/or Inmediata Health Group Corp. in January 2019.

(Case No. 19cv1811, Doc. No. 35 at 4).

The "released claims" in *Serrano* include "any and all claims and causes of action based on, relating to, concerning, or arising out" of the data breach incident, *including* the statutory claims under the CMIA, CCPA, CCRA, and MHRA, and claims for violation of California's constitutional right of privacy, at issue here. (Case No. 19cv1811, Doc. No. 35-1 at § 1.30). Per Plaintiffs' assertions, the nationwide class in *Serrano* and the release of claims, therefore, appear co-extensive to Plaintiffs' class claims in the instant case.

Although the Parties are requesting a stay of this action, given the District Court of Puerto Rico's preliminary approval of this nationwide class (Case No. 19cv1811, Doc. No. 37), the court is inclined to transfer this action to the District of Puerto Rico under the first-to-file rule rather than staying it pending the final resolution of *Serrano*. While neither Party has addressed this issue, "there is authority supporting a district court *sua sponte* transferring [an action] under the first-to-file rule." *Hilton v. Apple Inc.*, No. C-13-2167, 2013 WL 5487317, at *10 (N.D. Cal. Oct. 1, 2013).

The first-to-file rule is "a generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). The rule "allows a district court to transfer, stay, or dismiss an action when a similar complaint has already been filed in another federal court[.]" *Alltrade, Inc. v. Uniweld Prods.*, 946 F.2d 622, 623 (9th Cir.

1991). It was developed "to serve[] the purpose of promoting efficiency [] and *should not be disregarded lightly*." *Church of Scientology v. United States Dep't of the Army*, 611 F.2d 738, 750 (9th Cir. 1979) (emphasis added).

Courts in the Ninth Circuit regularly transfer cases under the "first-to-file" rule in situations like this one. *See Peak v. Green Tree Fin. Servicing Corp.*, No. C 00-0953 SC, 2000 WL 973685, at *2 (N.D. Cal. July 7, 2000) ("The proposed class in both cases is identically defined. The alleged offending behavior . . . is the same in both cases. Furthermore, the claims for relief are nearly identical in the two cases . . . . The underlying objectives of the first to file rule will be achieved by its application in this case."). Indeed, a transfer would appear to be the most appropriate option in this case because "it is inefficient and impractical to have two overlapping class actions proceed individually in two separate courts." *Bodley v. Whirlpool Corp.*, No. 17-CV-05436-JST, 2018 WL 2357640, at *4 (N.D. Cal. May 24, 2018) (quoting *Henry v. Home Depot U.S.A., Inc*, No. 14-CV-04858-JST, 2016 WL 4538365, at *5 (N.D. Cal. Aug. 31, 2016)). "Such a result would waste judicial resources, require duplicative efforts by both parties, and potentially frustrate class members' rights." *Henry*, 2016 WL 4538365, at *5.

The court's independent review of the *Serrano* docket reveals the settlement class in that case specifically excludes: "[p]ersons who, as of the date the Court enters an Order granting Preliminary Approval of the settlement, have brought on their own behalf suit filed in their own name (either pro per or through counsel) and have pending any lawsuits, arbitrations or administrative claims against any Defendant[.]" (Case No. 19cv1811, Doc. No. 35 at 4).

Given this explicit carve-out, Plaintiffs' individual claims in the instant action do not appear covered by the nationwide settlement if the *Serrano* settlement is approved as-is. The court is not convinced, however, that this would preclude application of the first-to-file rule. Otherwise, "[p]arties, not courts, would determine when the rule could be applied, and could force resource-draining duplicative class actions to proceed simultaneously. This would unduly burden the courts, and could be used as a vexatious

litigation tactic." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 791 (6th Cir. 2016). Further, if Plaintiffs wish to litigate the case in this district after resolution of the *Serrano* class motion, outcome permitting, they may request transfer from the District of Puerto Rico.

## III.  CONCLUSION

For the foregoing reasons, the court finds the first-to-file rule is applicable. Unless the court is convinced otherwise, it will likely adopt the course of transferring this case to the District of Puerto Rico rather than staying this action until the resolution of *Serrano*. The Parties are, therefore, **ORDERED TO SHOW CAUSE** in writing, not to exceed **five pages** each, on or before **September 3, 2021**, why this case should not be transferred to the United States District Court for the District of Puerto Rico.

IT IS SO ORDERED.

DATED: August 23, 2021

_____
JEFFREY T. MILLER
United States District Judge